IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| EILENE WOLLSLAGER, PH.D., | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 5:19-cv-830 |
| OUR LADY OF THE LAKE | § | |
| UNIVERSITY OF SAN ANTONIO, | § | |
| | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S NOTICE OF REMOVAL

COMES NOW Our Lady of the Lake University of San Antonio ("OLLU" or "Defendant"), Defendant in the above-styled and numbered cause, and file this Notice of Removal of this action pursuant to 28 U.S.C. §§ 1331, 1441, and 1446 to the United States District Court for the Western District of Texas, and respectfully showing the Court as follows:

## I.
## PLAINTIFF'S CLAIMS AND PROCEDURAL HISTORY

On or about June 7, 2019, Plaintiff Eilene Wollslager, Ph.D. ("Plaintiff") filed a civil action against OLLU in the 438th District Court of Bexar County, Texas. Plaintiff's Original Petition is styled *Eilene Wollslager, Ph.D. v. Our Lady of the Lake University of San Antonio*, Cause No. 2019CI11467. In her Original Petition, Plaintiff asserted that OLLU discriminated against her because of her disability, and her requirement for a service animal in violation of the Americans with Disabilities Act of 1990 ("ADA"). *See* Exhibit "A", Plaintiff's Original Petition, pp. 6-7, ¶ 6.1. OLLU timely filed its Answer in Bexar County District Court on July 12, 2019.

This Notice of Removal is accompanied by: (1) a copy of the email agreeing to service of process in the case; (2) all pleadings asserting causes of action and Answer; and (3) the state court docket sheet, collectively attached hereto as Exhibit A.

## II.
### VENUE IN THE WESTERN DISTRICT OF TEXAS, SAN ANTONIO DIVISION IS PROPER

The 438th District Court of Bexar County, Texas, is located within the San Antonio Division of the Western District of Texas.  28 U.S.C. § 124(b)(2).  Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

## III.
### THIS CASE IS REMOVABLE BECAUSE THIS COURT HAS ORIGINAL AND SUPPLEMENTAL JURISDICTION

This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, which provides that "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," because Plaintiff asserts a federal cause of action.  Specifically, in her lawsuit, Plaintiff's only cause of action arises under the ADA, a federal statute.  *See* Exhibit "A", Plaintiff's Original Petition, pp. 6-7, ¶ 6.1.  Plaintiff also seeks lost wages, mental anguish damages, compensatory damages, punitive damages, and attorney's fees under the ADA.  *See id*. at pp. 7-8, ¶¶ 7.1-8.1.  Federal question jurisdiction therefore exists because a federal question is presented on the face of Plaintiff's Original Petition.  *See, e.g., Clewis v. Medco Health Solutions, Inc*., 578 Fed.Appx. 469, 471 (5th Cir. 2014) (per curiam) (Affirming federal district court's ruling that it had subject matter jurisdiction at the time the case was removed to federal court because the plaintiff's state court petition contained a federal claim for violation of the Americans with Disabilities Act).

In addition, this Court has supplemental jurisdiction over Plaintiff's state law claim for attorney's fees because that claim is so related to her federal causes of action that they form part of the same case or controversy under Article III of the United States Constitution.  *See* Exhibit "A", Plaintiff's Original Petition, p. 8, ¶ 8.1.; 28 U.S.C. § 1367(a).  The operative facts underlying Plaintiff's federal claims and claim for attorneys' fees are intertwined with her ADA claim. Specifically, Plaintiff claims that OLLU used qualification standards, employment tests and other selection criteria that screened out individuals with disabilities, discriminated against her for her service animal, and then terminated her employment.   These allegations form the basis of all of Plaintiff's claims, and therefore her request for attorney's fees is also premised on these same facts.

### IV.
### <u>TIMELINESS OF REMOVAL</u>

Finally, this Notice of Removal is timely as it is filed within thirty (30) days after the receipt by OLLU, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. *See 2*8 U.S.C. § 1466(b).  Pursuant to an agreement between counsel, OLLU accepted service of Plaintiff's Original Petition on June 18, 2019.  Accordingly, OLLU is timely filing this Notice of Removal within 30 days after receipt of service, as required by 28 U.S.C. § 1446(b).  A copy of Defendant's Notice of Removal filed in the state court is attached hereto as Exhibit B.

### V.
### <u>CONCLUSION</u>

In sum, this action is one over which this Court has original and supplemental jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.  Thus, removal is proper under 28 U.S.C. § 1441(a) in that OLLU is removing the case to the federal court for the district and division in which the action is currently pending.

WHEREFORE, PREMISES CONSIDERED, OLLU respectfully requests that this Court take jurisdiction of this action and issue all necessary orders and process to remove it from the 438th District Court of Bexar County, Texas to the United States District Court for the Western District of Texas – San Antonio Division.  OLLU also requests all other relief, at law or in equity, to which it is justly entitled.

Respectfully submitted,
 */s/ Raven R. Applebaum*
Raven R. Applebaum
Texas State Bar No. 24043644
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
2700 Weston Centre
112 East Pecan Street
San Antonio, TX  78205
210-354-1300
210-277-2702 (Fax)
raven.applebaum@ogletree.com

ATTORNEYS FOR DEFENDANT
OUR LADY OF THE LAKE UNIVERSITY OF
SAN ANTONIO

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of July, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I have mailed a true and correct copy of the foregoing document by certified mail, return receipt requested, to the following:

Jeremy R. Sloan
jsloan@cphattorneys.com
CHUNN PRICE HARRIS & SLOAN PLLC
1000 Central Parkway N., Suite 100
San Antonio, Texas  78232

 */s/Raven R. Applebaum*
Raven R. Applebaum

049309.000004
39255816.1